**Opinion filed April 23, 2026**



In The

# Eleventh Court of Appeals

_____

## No. 11-25-00316-CV

_____

## IN THE INTEREST OF G.L.M., A CHILD

**On Appeal from the 446th District Court**
**Ector County, Texas**
**Trial Court Cause No. E24056PC**

### M E M O R A N D U M   O P I N I O N

This is an appeal from a final order in which the trial court terminated the parental rights of the parents of G.L.M.[1] *See* TEX. FAM. CODE ANN. § 161.001 (West Supp. 2025). Only the mother appealed. We affirm.

After a final termination hearing, the trial court found by clear and convincing evidence that Appellant: (1) knowingly placed or knowingly allowed the child to remain in conditions or surroundings which endangered the physical or emotional well-being of the child; (2) engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangered the physical or emotional well-being of the child; and (3) failed to comply with the provisions of a court order that

_____

[1]We use initials to refer to the child. *See* TEX. R. APP. P. 9.8(b).

specifically established the actions necessary for Appellant to obtain the return of the child who had been in the managing conservatorship of the Texas Department of Family and Protective Services (the Department) for not less than nine months as a result of the child's removal under Chapter 262 of the Texas Family Code for the abuse or neglect of the child. *See id.* § 161.001(b)(D), (E) (West Supp. 2025), § 161.001(b)(1)(O) (West 2024).[2] The trial court further found that termination of Appellant's parental rights was in the child's best interest. *Id.* § 161.001(b)(2). We modify and affirm the trial court's order.

Appellant's court-appointed counsel has filed a motion to withdraw in this court. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and concludes that there are no arguable issues to present on appeal. Counsel has provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and a copy of the clerk's record and reporter's record. Counsel also advised Appellant of her right to object to counsel's motion to withdraw, and to file a pro se response to counsel's *Anders* brief. *See* TEX. R. APP. P. 6.5. As such, court-appointed counsel has complied with the requirements of *Anders*, *Schulman*, and *Kelly*. *See Kelly v. State*, 436 S.W.3d 313, 318–20 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403, 406–09 (Tex. Crim. App. 2008); *see also Anders v. California*, 386 U.S. 738 (1967).

Appellant has not filed a pro se response to counsel's *Anders* brief. Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record in this case, and we agree that Appellant's appeal is frivolous and without merit. With respect to the trial court's endangerment findings in particular, the evidence established that Appellant's pattern of drug and alcohol abuse,

---

[2]We note that the legislature amended Section 161.001(b)(1) and repealed subsection (O). *See* Act of May 16, 2025, 89th Leg. R.S. ch. 211, § 2, 2025 Tex. Sess. Law Serv. 573, 574–75. The amendments only apply to suits affecting the parent-child relationship that are pending on or after the effective date of the amendments; thus, we apply the law in effect at the time the suit was pending below. *Id.* § 3.

accompanied by related dangers to the child, presented a substantial risk of harm to the child and rendered Appellant incapable of parenting. *See In re R.R.A.*, 687 S.W.3d 269, 278 (Tex. 2024); *In re J.O.A.*, 283 S.W.3d 336, 345 (Tex. 2009); *see also In re N.G.*, 577 S.W.3d 230, 234–35 (Tex. 2019) (addressing due process and due course of law considerations with respect to appellate review of grounds (D) and (E)).

Given the clear and convincing evidence that Appellant endangered the child, we would ordinarily decline to address the trial court's predicate-ground findings. *See* TEX. R. APP. P. 47.1; *In re J.S.*, 687 S.W.3d 541, 551 (Tex. App.—Eastland 2024, no pet.). But under certain circumstances, we may modify the trial court's termination order so that it accurately reflects only those findings permitted by law and supported by the record. *See In re E.M.*, No. 11-24-00310-CV, 2025 WL 1240792, at *8 (Tex. App.—Eastland Apr. 30, 2025, no pet.) (mem. op.) (deleting the termination-ground findings in the written termination order that were not supported by the record, and the trial court expressly limited its termination-ground findings in its oral pronouncement); *In re M.G.*, No. 02-23-00074-CV, 2023 WL 4008687, at *9–10 (Tex. App.—Fort Worth June 15, 2023, pet. denied) (mem. op.) (affirming and modifying termination order to delete unsupported finding of predicate ground (N)); *In re A.O.*, No. 02-21-00376-CV, 2022 WL 1257384, at *13 (Tex. App.—Fort Worth Apr. 28, 2022, pet. denied) (mem. op.) (modifying termination order to remove erroneous reference to the mother's indecency with a child even though "correcting this finding d[id] not alter the final outcome of th[e] case"); *see also* TEX. R. APP. P. 43.2(b). As noted, the legislature's amendments to Section 161.001(b)(1) that repealed subsection (O) became effective September 1, 2025. *See* Act of May 16, 2025, 89th Leg. R.S. ch. 211, § 2, 2025 Tex. Sess. Law Serv. 573, 574–75. Here, the final termination hearing commenced on September 16, 2025, and the trial court issued its final termination order on

September 25, 2025. Because the proceedings below were pending on or after the effective date of the amendments to Section 161.001(b), the trial court's finding pursuant to the repealed version of subsection (O) is void. *See id.* § 3. We therefore modify the trial court's final order of termination to delete its finding under subsection (O). *See E.M.*, 2025 WL 1240792, at *8; *R.J.O. v. Tex. Dep't Fam. & Protective Servs.*, No. 03-13-00478-CV, 2013 WL 6060778, at *2 (Tex. App.— Austin Nov. 13, 2013, no pet.) (mem. op.) (following an *Anders* review, modifying termination order to remove finding under subsection (O) and affirming as modified).

Although we agree with appellate counsel's conclusion on the merits, an *Anders* motion to withdraw "may be premature" if filed in the court of appeals under the circumstances presented in this case. *See In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) ("[A]n *Anders* motion to withdraw brought in the court of appeals, in the absence of additional grounds for withdrawal, may be premature."). The court held in *P.M.* that, in parental termination cases, court-appointed counsel's duty to his or her client generally extends "through the exhaustion of [all] appeals." *Id.*; *see* FAM. § 107.016(2). In this regard, "appointed counsel's obligations can be satisfied by filing a petition for review that satisfies the standards for an *Anders* brief." *P.M.*, 520 S.W.3d at 27–28.

Accordingly, we deny counsel's motion to withdraw, and we affirm the trial court's order of termination as modified.


JOHN M. BAILEY

April 23, 2026                    CHIEF JUSTICE

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

4